Hooker *v.* Hooker et ux.

---

NATHAN HOOKER *v.* N. B. HOOKER and WIFE.

GUARDIAN AND WARD: PROBATE COURT: FINAL SETTLEMENT: HOW SET ASIDE.—A final settlement in the Probate Court can be set aside for fraud or want of notice only; and hence, if a bill in equity be filed by the ward, seeking to set aside the final settlement of his guardian upon the ground of fraud, it will be dismissed, unless the charge of fraud be sustained by the proof.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, Chancellor.

N. B. Hooker and his wife filed their bill in the court below, in which they charged: that Nathan Hooker, the appellant, was the guardian of Martha Hooker, one of the appellees, from the year 1838 till her marriage in 1841. That they were at the time of the said marriage under the age of twenty-one years, and had great confidence in the integrity and honesty of said Nathan Hooker, who was the uncle of complainant, N. B. Hooker. That

soon after the marriage a settlement was made by N. B. Hooker and Nathan Hooker, of the guardianship accounts of said Nathan; that upon such settlement the sum of $1500, was found to be due to complainants; that in truth a much larger sum was due; and that owing to the fraudulent conduct of said Nathan Hooker, in concealing from N. B. Hooker his rights in the premises, this fact was not discovered until sometime afterwards. That at the time this settlement was made and confirmed by consent of parties in the Probate Court, the said N. B. Hooker had just arrived at majority, and that said Nathan being his uncle, he relied, in making said settlement, entirely upon his representations.

The bill prayed that the said final account be set aside, and that said Nathan Hooker be compelled to account further with complainants; and for general relief.

A demurrer was filed to the bill, which being overruled, an appeal was taken to this court, where the decree overruling the demurrer was affirmed.

The defendant then filed his answer, in which he pleaded the settlement in the Probate Court, in bar of the proceedings, and denied that there was any fraud or concealment on his part in making the same. The answer further stated, that before the settlement was made, the said N. B. Hooker examined fully his accounts in the Probate Court, and that he understood the same. The clerk of the Probate Court, in which the guardianship business was transacted, was examined by the defendant, and proved that previous to the settlement, said N. B. Hooker came to his office, and examined fully all the papers and records in said office, touching the guardianship.

The proof on the part of complainants established a much larger indebtedness on the part of Nathan Hooker, than was found to be due on his final account; but there was no proof to show that Nathan Hooker was guilty of any fraud or concealment in making said settlement.

The Chancellor decreed that the final settlement be set aside and annulled, and that said Nathan Hooker account further as guardian, in the Probate Court.

From this decree Nathan Hooker appealed. On the first argu-

ment, this court affirmed the decree of the chancellor. A re-argument was granted and had, and the court then delivered the opinion hereinafter set forth.

*George L. Potter,* for appellant.

*W. Brooke* and *D. C. Glenn,* for appellee.

PER CURIAM.—On reconsideration of this case, upon re-argument, we are satisfied that the decree should be reversed, and the bill dismissed.

The gravamen of the bill consists in alleged fraudulent concealments by the plaintiff in error, in his account of settlement in the Probate Court, by reason of which it seeks to set aside that settlement. And it is well settled in this court that the settlement could only be set aside for fraud or want of notice. *Searles* v. *Scott,* 14 S. & M. 98. And when this case was formerly here on demurrer, it was said, "if upon final hearing the court shall believe that the proofs establish the charge of fraud, a decree setting aside the settlement will be made ; and if not, the bill will be dismissed." Opinion Book, E. 13.

Acting upon this rule, and being of opinion that the fraud has not been established, the decree must be reversed, and the bill dismissed.